# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

No. 9:09-CR-36

United States of America

v.

Jerhamee Stewart
             Defendant

**Report and Recommendation Re: Petition for Warrant**
**or Summons for Offender Under Supervision**

  Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed May 6, 2010, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  The Original Conviction and Sentence

Defendant was sentenced on September 14, 2007, before The Honorable Samuel H. Mays, U.S. District Judge of the Western District of Tennessee, after pleading guilty to the offense of Possession of Stolen Mail; Aiding and Abetting, a Class D felony.  This offense carried a statutory maximum imprisonment term of 5 years.  The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of V, was 37 to 46 months.  Defendant was subsequently sentenced to 37 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions; to include that the defendant shall participate as directed in a program (outpatient and/or inpatient), approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency, which may include testing for the detection of substance use or abuse.  Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer; and a $100 special assessment.

## II.  The Period of Supervision

On August 27, 2009, defendant completed his period of imprisonment and began service of the supervision term.  On October 13, 2009, U.S. District Judge Thad Heartfield accepted the Transfer of Jurisdiction from the Western District of Tennessee.

## III.  The Petition

United States Probation filed the pending Amended Petition for Warrant or Summons for Offender Under Supervision on May 6, 2010.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall not commit another federal, state, or local crime. |
| Standard Condition: | Defendant shall not leave the judicial district without permission of the Court or probation officer. |
| Standard Condition: | Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. |
| Standard Condition: | Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. |
| Standard Condition: | Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered. |
| Standard Condition: | Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. |
| Standard Condition: | Defendant shall participate as directed in a program (outpatient and/or inpatient) approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer. |

As grounds, the petition alleges that defendant was arrested on December 12, 2009, by the Terrell Texas Police Department, located in the Northern District of Texas, for the offense of Felony Theft. On February 3, 2010, defendant allegedly was the subject of a warrant for Forgery issued out of Gregg County, Texas. On April 9, 2010, defendant allegedly was arrested by the Wichita, Kansas Police Department, located in the District of Kansas, for the following offenses: Possession of Methamphetamine; Possession of Paraphernalia; Forgery - Possession of Instruments; and Forgery - Making False Checks. Defendant allegedly did not receive permission to be outside the Eastern District of Texas. Defendant also allegedly failed to submit timely written reports within the first five days of January 2010 and allegedly failed to appear to the U.S. Probation Office on January 13, 2010. Further, defendant allegedly signed a confession to attending a party on November 13, 2009, in which he admitted to being intoxicated due to excessive alcohol use and marijuana consumption. Defendant also allegedly was arrested in Wichita, Kansas, in the District of Kansas, on April 9, 2010 for the Possession of Methamphetamine. Defendant allegedly failed to report the December 12, 2009 arrest to the U.S. Probation Officer. Finally, defendant allegedly failed to report for scheduled drug tests on November 24, 2009 and December 1, 2009, allegedly failed to attend a scheduled counseling appointment with his assigned substance abuse counselor on December 3, 2009, and allegedly failed to participate in outpatient treatment for the month of December 2009.

## IV. Proceedings

On May 27, 2010, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of

supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that he violated a standard condition of supervised release by failing to refrain from the excessive use of alcohol and failing to refrain from the use of a controlled substance. In exchange for defendant's plea of "true," the government agreed to decline to proceed with remaining alleged violations of supervised release conditions. Further, the parties agreed the court should revoke defendant's supervised release and impose 13 months imprisonment, with no term of supervised release thereafter.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by failing to refrain from the excessive use of alcohol and failing to refrain from the use of a controlled substance.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offense of conviction was a Class D felony;

therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a standard condition of supervised release by failing to refrain from the excessive use of alcohol and failing to refrain from the use of a controlled substance, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of V, the guideline imprisonment range is 7 to 13 months.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see also</u> 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

### <u>Findings:</u>

Defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by failing to refrain from the excessive use of alcohol and failing to refrain from the use of a controlled substance. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release by [violation: (ie failing to refrain from unlawful use of CS)].

### <u>Conclusion and Justification:</u>

Defendant's violation is a Grade C violation with policy guidelines suggesting 7 to 13 months imprisonment upon revocation. Defendant has demonstrated inability to adhere to conditions of supervision. Defendant has unfortunately failed to take advantage of the opportunities offered by the Court

and the U.S. Probation Office. Defendant did not comply with conditions of his supervision by failing to refrain from the excessive use of alcohol and failing to refrain from the use of a controlled substance. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## RECOMMENDATIONS

1. The court should find that defendant violated a standard condition of supervised release, by failing to refrain from the excessive use of alcohol and failing to refrain from the use of a controlled substance, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 13 months.

4. The court should recommend that defendant serve his term of incarceration at The Federal Correctional Institution in Seagoville, Texas.

5. Upon release of imprisonment, defendant should not be placed on supervised release.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge

imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __28__ day of May, 2010.

_____
Earl S. Hines
United States Magistrate Judge